Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8455 | **DATE** | 9/18/2000 |
| **CASE TITLE** | Randall A. Noble vs. Michael Sheahan | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to bar the testimony of Thomas Swaine is denied in part and granted in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | **Document Number** |
| | No notices required. | | |
| | Notices mailed by judge's staff. | SEP 19 2000 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 29 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | SEP 19 2000 date mailed notice | |
| RO | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 SEP 18 AM 11: 55 Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDALL A. NOBLE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 99 C 8455<br>)<br>) Judge Ruben Castillo |
| MICHAEL SHEAHAN, in his official capacity of Sheriff of Cook County, Illinois and COOK COUNTY SHERIFF'S DEPARTMENT, | )<br>)<br>)<br>) |
| Defendants. | ) |

DOCKETED
SEP 1 9 2000

## MEMORANDUM OPINION AND ORDER

Randall A. Noble ("Plaintiff") filed this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, alleging that Michael Sheahan and the Cook County Sheriff's Department ("Defendants") discriminated against him on the basis of race and retaliated against him for filing a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the United States Equal Employment Opportunity Commission ("EEOC"). A trial is scheduled to begin in this case on September 25, 2000. Currently before this Court is Plaintiff's motion to bar the testimony of Thomas Swaine related to the previously barred testimony and opinions of Alisa B. Skinner ("Plaintiff's Motion to Bar the Testimony of Thomas Swaine"). For the reasons set forth below, Plaintiff's motion is denied in part and granted in part.

### I. RELEVANT PROCEDURAL HISTORY

On August 3, 2000, Plaintiff filed a motion to bar Defendants from introducing any testimony or opinions of Alisa B. Skinner, a Forensic Scientist with the Illinois State Police, Division of Forensic Services. This Court granted Plaintiff's motion because Defendants failed

to make required disclosures relating to expert testimony pursuant to Rule 26 of the Federal Rules of Civil Procedure. (R. 22, August 9, 2000 Order.) At that time, the Court asked Plaintiff to submit a reply brief addressing the issue of whether Thomas Swaine, an investigator with the Cook County Sheriff's Office, Office of the Inspector General, should be barred from testifying regarding Skinner's opinions. (R. 26, Pl.'s Reply Br. at 2.) After Plaintiff submitted his reply brief, Defendants filed a surreply brief on August 25, 2000.

## II. RELEVANT FACTS

### A. Plaintiff's September 1995 Charge of Discrimination and Retaliation

At all times relevant to this lawsuit, Plaintiff has been a deputy sheriff in the Cook County Sheriff's Department Court Services Program. In September 1995, Plaintiff filed a charge of discrimination with the IDHR and the EEOC, alleging that Defendants discriminated against him on the basis of race. Thereafter, Plaintiff amended his charge to include retaliation and additional allegations of race discrimination. The IDHR conducted an investigation and issued an Investigation Report, as well as a Notice of Substantial Evidence and Notice of Dismissal on July 16, 1999. (R. 4, Defs.' Answer at 4-5, ¶ 8.)

### B. Swaine's Investigation Into Alleged Misconduct by Plaintiff

In August 1998, prior to the conclusion of the IDHR's investigation, the Department of Internal Affairs of the Cook County Sheriff's Department received complaints of alleged misconduct by Plaintiff. (Defs.' Surreply Br. at 1, ¶ 1.) Swaine was assigned to investigate these allegations, and, on October 6, 1998, concluded that Plaintiff had engaged in several instances of misconduct. As a result, Swaine recommended that Plaintiff be suspended for 29 days. (*Id.* at 1, ¶ 2.)

In November 1998, Swaine received two documents from separate sources that suggested additional misconduct by Plaintiff. (*Id.* at 2, ¶¶ 4-5.) The first document was an original copy of a criminal record history sheet of Marvin Cruz, which Plaintiff illegally obtained, and which contained a handwritten note bearing the name "Randall." (*Id.* at 2, ¶ 4.) The second document was a handwritten note regarding Plaintiff's alleged "plot to frame or eliminate an individual for $20,000," (*Id.* at 2, ¶ 5), which Defendants assert Plaintiff wrote.

Upon receiving these documents, Swaine initiated a second investigation into Plaintiff's alleged misconduct. (*Id.* at 2, ¶ 6.) In addition, Swaine submitted the two documents, along with what he believed to be a sample of Plaintiff's handwriting, to the Illinois State Police Crime Lab for analysis. (*Id.*) Skinner reviewed the documents and issued a report indicating that Plaintiff's handwriting was on both documents. (*Id.* at Ex. C, December 14, 1998 Report of Alisa B. Skinner.) Swaine, after receiving Skinner's report, concluded his second investigation into Plaintiff's misconduct and issued a Summary Report on March 8, 1999, recommending that Plaintiff be terminated. (*Id.* at Ex. B, Swaine's Summary Report at 34.) Defendants subsequently filed a complaint against Plaintiff with the Cook County Sheriff's Merit Board.

## C. Plaintiff's Current Employment Status

During the course of Swaine's second investigation into alleged misconduct by Plaintiff, Plaintiff took a medical leave of absence from the Cook County Sheriff's Department. When Plaintiff attempted to return to work in August 1999, he was informed that he was "suspended without pay pending the disposition of allegations made in a complaint that Defendants had filed against Noble in the Cook County Sheriff's Merit Board." (R. 4, Defs.' Answer at 5, ¶ 9.) Plaintiff remains suspended without pay.

## D. Plaintiff's August 1999 Charge of Discrimination and Retaliation

On August 13, 1999, Plaintiff filed a second charge of discrimination with the EEOC, alleging that Defendants discriminated against him on the basis of race and retaliated against him for filing his September 1995 charge of discrimination when they suspended him without pay on August 11, 1999. (R. 1, Pl.'s Compl. at 3, ¶ 10.) The EEOC issued a Notice of Right to Sue with regard to Plaintiff's August 13, 1999 charge of discrimination, and Plaintiff filed the instant lawsuit.

## III. ANALYSIS

### A. Standard

Federal district courts have the power to exclude evidence in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). However, a motion in limine should be granted only if the evidence sought to be excluded is clearly inadmissible for any purpose. *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). As the court elucidated in *Hawthorne Partners*:

> Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine.

*Id.* at 1401 (citations omitted). Our Court of Appeals also has indicated that district courts should specify whether their rulings on motions in limine are conditional or definitive. *See Wilson v. Williams*, 182 F.3d 562, 567 (7th Cir. 1999) (asking district court judges to explain whether pretrial rulings are definitive or conditional). With these evidentiary guidelines in mind, we turn to the motion before the Court.

### B. Plaintiff's Motion to Bar the Testimony of Swaine

Plaintiff seeks to bar Defendants from introducing any testimony of Swaine related to the previously barred testimony and opinions of Skinner. In moving to bar Swaine's testimony, Plaintiff bears the burden of establishing that this evidence is clearly inadmissible for any purpose. *Plair*, 864 F. Supp. at 69. Plaintiff makes several arguments in support of his motion, which the Court will address in turn below.

#### 1. Federal Rule of Civil Procedure 26(a)(2)

First, we examine Plaintiff's contention that allowing Swaine to testify regarding Skinner's opinions would enable Defendants to circumvent the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2). Plaintiff, relying on *Grant v. Chemrex, Inc.*, No. 93 C 0350, 1997 WL 223071 (N.D. Ill. Apr. 28, 1997), argues that allowing Swaine to testify regarding Skinner's opinions would result in the admission of otherwise barred expert opinion testimony, without affording Plaintiff the opportunity to cross-examine the expert concerning her qualifications or the reasons or bases for her conclusions. However, *Grant* easily is distinguished. In *Grant*, a medical doctor was barred from testifying as an expert due to the plaintiff's failure to comply with Rule 26(a). A second medical doctor was barred from

vouching for the truth of the first doctor's opinions and from relying on those opinions as the basis for his own expert opinion. *Grant*, 1997 WL 223071, at *8.

Clearly, given this Court's Order barring Defendants from introducing any testimony or opinions of Skinner due to Defendants' failure to comply with the disclosure requirements of Rule 26(a)(2), Defendants will not be permitted to "back door" such evidence. In other words, Swaine will not be permitted to testify to the veracity of Skinner's conclusions, nor will Defendants be permitted to use Swaine's testimony to try to prove that the handwriting on the newly discovered documents was in fact Plaintiff's handwriting.

In the present case, Defendants do not offer Swaine's testimony to prove or "vouch for" the truth of Skinner's opinion, nor do they rely on such evidence as the basis for subsequent expert opinions and/or testimony. Rather, Defendants intend to use this evidence to explain the basis for Swaine's recommendation that Plaintiff be terminated and Swaine's position that a Merit Board inquiry into Plaintiff's alleged misconduct was warranted.

Plaintiff responds by arguing that Swaine's reliance on Skinner's opinions was unreasonable because he had no information regarding Skinner's background, qualifications, or expertise, and because he did not request or require an explanation as to the basis for Skinner's conclusions. Plaintiff's argument, however, goes to the weight, not the admissibility, of this evidence. Whether Swaine's reliance on Skinner's opinions was reasonable is an issue for the trier of fact to decide at trial.

### 2. Federal Rule of Evidence 403

Next, we turn to Plaintiff's assertion that Swaine's testimony regarding Skinner's opinions will prejudice Plaintiff. Plaintiff argues that this evidence should be excluded pursuant

Page 6

Federal Rule of Evidence 403 because the probative value of Swaine's testimony regarding his reliance on Skinner's opinions is substantially outweighed by the "potential for prejudicing Plaintiff and misleading and confusing the jury." (R. 26, Pl.'s Reply Br. at 6.) In response, Defendants properly point out that they bear the burden of articulating a legitimate, non-discriminatory reason for their employment actions relating to Plaintiff, and that Swaine's testimony is highly probative in this regard. Defendants argue that it would be highly prejudicial to them to prohibit Swaine from testifying about his reliance on Skinner's report and opinions because this information formed the basis for Swaine's employment decisions with respect to Plaintiff. (Defs.' Surreply Br. at 4.) Because Plaintiff has not articulated sufficient prejudice to demonstrate that the probative value of this evidence is substantially outweighed by prejudice, we will not exclude this evidence at this time.

Lastly, this Court is not persuaded by Plaintiff's assertion that this testimony must be excluded under Rule 403 because a jury might improperly assume that Skinner is an expert and that her conclusion that the questioned writing belongs to Plaintiff is correct. (R. 26, Pl.'s Reply Br. at 5.) A proper limiting instruction to the jury, upon the request of counsel, will sufficiently limit any such potential prejudice. *See Berry v. Deloney*, 28 F.3d 604, 608 (7th Cir. 1994) (finding that the district court's limiting instruction dispelled any potential prejudice against the plaintiff). *Cf. United States v. Kreiser*, 15 F.3d 635, 641 (7th Cir. 1994) (a jury is presumed to have followed the district court's instructions).

### 3. Hearsay

Third, Plaintiff argues that Swaine's testimony concerning Skinner's opinions is inadmissible hearsay, not within any recognized exception to the rule against hearsay. (R. 26,

Pl.'s Reply Br. at 6-7.) Defendants respond that Swaine's testimony regarding Skinner's opinions does not fall within the hearsay rule at all because it is not being offered for the truth of the matter asserted. (Defs.' Surreply Br. at 2-3.) We agree. This evidence is being offered to explain why Swaine recommended Plaintiff's termination and recommended to the Merit Board that it investigate Plaintiff's alleged misconduct. Swaine's state of mind in making these decisions clearly is at issue in this case. Because the defense has articulated a legitimate basis for admission of this evidence as non-hearsay, we will allow the testimony. *Smith v. Gildea*, No. 97 C 1581, 1998 WL 703677, *7 (N.D. Ill. Sept. 30, 1998).

Therefore, Swaine will be permitted to testify regarding the opinions and conclusions of Skinner, but only to the extent that he received her report, and that he relied on her report and her conclusions in making employment decisions affecting Plaintiff. Swaine may not testify regarding the veracity Skinner's conclusions. In addition, because the evidence suggests that Swaine had a good faith basis to rely on the newly discovered documents he obtained in November 1998, which allegedly contain Plaintiff's handwriting, this Court will allow these documents to be admitted at trial as party-opponent admissions pursuant to Federal Rule of Evidence 801(d)(2).

### C. Skinner's December 14, 1998 Report

Pursuant to Federal Rules of Evidence 402 and 403, we will exclude Skinner's December 14, 1998 report. First, under Rule 402, the report will be excluded because the report itself is not relevant to the disposition of the pending matter. It is Swaine's reliance on this report, not the report itself, that is relevant to Defendants' ability to establish that it had a legitimate, non-discriminatory reason for the employment decisions they made regarding Plaintiff. Second,

under Rule 403, this report will be excluded because its probative value is substantially outweighed by its prejudicial effect. Given Swaine's expected testimony, the report itself would be cumulative, only minimally probative, and unduly prejudicial.

### D. Exclusion of Other Experts' Testimony

Finally, pursuant to Federal Rule of Civil Procedure 26(a)(2), and this Court's Order dated August 9, 2000, Defendants will be barred from introducing the testimony of Jeanne S. Brundage, or any other employee of the Illinois State Police, Division of Forensic Services, concerning the results of Skinner's forensic handwriting analysis.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Bar the Testimony of Thomas Swaine is denied in part and granted in part. (R. 26, Pl.'s Motion to Bar the Testimony of Thomas Swaine.) The Court specifically indicates that these pretrial evidentiary rulings are conditional in nature and may be revisited, outside of the jury's presence, once the contours of the trial evidence are further developed.

Entered:

**Judge Ruben Castillo**
**United States District Court**

**Dated: September 18, 2000**